**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| HORNADY MANUFACTURING COMPANY, a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV150 |
| vs. | ) ) | |
| PERICO LIFE INSURANCE COMPANY, THE BENEFIT GROUP, INC., and PRENTISS & ASSOCIATES, INC., | ) ) ) ) | FINDINGS AND RECOMMENDATION |
| Defendants. | ) ) | |

This matter comes before the court on the plaintiff's Motion to Remand (Filing No. 10). The plaintiff filed a brief (Filing No. 12) and an index of evidence (Filing No. 11) in support of the motion. The Benefit Group, Inc. (TBG) filed a brief (Filing No. 17) in response to the motion to remand. The plaintiff filed a brief (Filing No. 20) in reply. With leave of court, TBG filed a brief (Filing No. 21 - Ex. A) in sur-reply. The defendants Perico Life Insurance Company (Perico) and Prentiss & Associates, Inc. (Prentiss) did not participate in briefing on the motion to remand.

On April 22, 2010, TBG removed this action from the District Court of Hall County, Nebraska, to the United States District Court for the District of Nebraska. See Filing No 1 - Notice of Removal. TBG alleges this action is removable pursuant to 28 U.S.C. § 1331 because it involves a federal question in the form of a claim to recover benefits and enforce rights under an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461. See Filing No. 1 ¶ 4. TBG alleges the plaintiff's action seeks to enforce rights allegedly provided for under the Hornady Manufacturing Company Health and Dental Plan (the Plan) and constitutes an action under Section 514(a) of ERISA. *Id.* ¶ 7. On May 12, 2010, the plaintiff filed the instant motion to remand arguing this court lacks federal question jurisdiction as the plaintiff raises only state law causes of action that cannot be characterized as actions completely preempted under ERISA. See Filing No. 10 - Motion to Remand. For the

reasons set forth below, the undersigned magistrate judge recommends the plaintiff's motion to remand be granted.[1]

## BACKGROUND

The plaintiff's action arises from a dispute about the renewal of a stop-loss insurance policy and reimbursement to the plaintiff by the insurer for payments made by the plaintiff on behalf of employees for medical services. **See** Filing No. 1 - Ex. A - Complaint. The plaintiff alleges the following facts in the complaint. The plaintiff, a Nebraska corporation, provides self-funded group medical insurance coverage for its employees and their dependants pursuant to the Plan. *Id.* ¶¶ 1, 7. To limit the plaintiff's maximum potential liability with regard to aggregate claims, the plaintiff purchased an excess liability insurance (stop-loss insurance) policy for the Plan from Perico, a Delaware corporation, for the period August 1, 2005, through July 31, 2008. *Id.* ¶¶ 2, 8, 11. TBG, a Nebraska corporation and the third party administrator of the Plan, assisted the plaintiff in procuring stop-loss insurance coverage and adjusted and paid claims under the Plan. *Id.* ¶¶ 3, 9. Prentiss, a Kansas corporation, served as the plaintiff's insurance broker and assisted the plaintiff with procuring stop-loss insurance coverage for the Plan. *Id.* ¶ 10.

---

[1] The court is entering this Findings and Recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008), *Stefanik v. City of Holyoke*, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:
> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

In July of 2008, while the plaintiff was considering renewing the stop-loss policy, a dependant of a beneficiary of the Plan, ZC, was born prematurely with heath problems. *Id.* ¶¶ 12-13. On August 1, 2008, the plaintiff approved a proposal for stop-loss insurance from Perico. *Id.* ¶ 16. Under the August 2008 proposal, the plaintiff would pay up to $60,000 of claims for each individual participant and an aggregating deductible of up to $45,000 for claims over each individual deductible, applicable to claims of the entire group. *Id.* ¶ 16. On August 11, 2008, the plaintiff submitted to TBG payment for the premium due to Perico under the renewal policy. *Id.* ¶ 18.

After this time, Perico requested information about ZC and other details about the Plan's previous claims from TBG, without the plaintiff's knowledge. *Id.* ¶¶ 20-21. Similarly unbeknownst to the plaintiff, Perico notified TBG and Prentiss, on August 28, 2008, that as a condition for renewal, Perico would require a special, larger individual deductible (laser) for ZC, which would increase ZC's deductible to $250,000. *Id.* ¶ 22. The plaintiff learned about the laser provision specific to ZC in October 2008. *Id.* ¶ 23.

Perico issued a renewal amendment with the new laser provision for the plaintiff's stop-loss insurance policy in December 2008. *Id.* ¶ 24. However, TBG warned the plaintiff that Perico could withdraw the stop-loss insurance coverage if the plaintiff did not pay the new premium. *Id.* ¶ 25. At the same time, TBG informed the plaintiff that ZC's care providers requested payment and that Perico refused to pay the claims over the original $60,000 deductible amount. *Id.* ¶ 26. On January 13, 2009, the plaintiff informed the defendants that it would pay ZC's claims in the amount of $190,000, the difference between the $60,000 individual deductible and the $250,000 laser deductible amount, but the plaintiff would not waive the right to seek reimbursement. *Id.* ¶¶ 28, 29. The plaintiff also alleges Perico owed the plaintiff in excess of $87,000, unrelated to ZC's claim, at the end of the renewal policy period, July 31, 2009. *Id.* ¶ 30.

The plaintiff filed the complaint on March 19, 2010, in the District Court of Hall County, Nebraska, against the defendants. **See** Filing No. 1 - Ex. A - Complaint. The plaintiff asserts claims against Perico for bad faith; for failure to abide by statutory standards in the investigation and disposition of claims under the Unfair Insurance Claims Settlement Practices Act, Neb. Rev. Stat. §§ 44-1536 to 44-1544; and breach of contract.

*Id.* ¶¶ 33-47 (Claims I-III).  The plaintiff alleges claims against TBG and Prentiss for breach of fiduciary duty, negligence, and negligent misrepresentation.  *Id.* ¶¶ 48-75 (Claims IV-IX).

On April 22, 2010, TBG removed this action to the United States District Court for the District of Nebraska.  **See** Filing No. 1 - Notice of Removal.  By order of the court, TBG has until fifteen days after a ruling on the motion to remand to file an answer or otherwise respond to the plaintiff's complaint.  **See** Filing No. 14.  On May 20, 2010, Prentiss filed an answer denying liability for the plaintiff's losses.  **See** Filing No. 15.  No evidence exists in the record that Perico has been served with the complaint.  The parties have until thirty days after a final ruling on the motion to remand to file their Fed. R. Civ. P. 26(f) planning report.  **See** Filing No. 19.

## ANALYSIS

The court must look to federal statute to determine if an action was properly removed to federal court.  The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999).  "A narrow exception to this general rule, however, is the doctrine of 'complete preemption.'" *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000).  "The complete-preemption doctrine provides that a state-law claim becomes a federal question when Congress intends that a federal statute completely preempt the applicable field of law." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).  "This doctrine provides that to the extent that Congress has displaced a plaintiff's state law claim . . . a plaintiff's attempt to utilize the displaced state law is properly

'recharacterized' as a complaint arising under federal law." *Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir. 1999) (internal quotation and citation omitted).

"The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (citation omitted); **see** *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). If a defendant proves that any claim within a plaintiff's complaint supports federal question jurisdiction, a defendant may remove the entire case to federal court, including any alleged state-law claims arising from the same core of operative facts. **See** 28 U.S.C. § 1367; *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005). However, all doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand. *4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 778-79 (8th Cir. 2003).

Here, there is no dispute the court lacks diversity jurisdiction. Additionally, the plaintiff's complaint does not explicitly raise federal claims. TBG, however, contends the non-federal claims against the defendants arise under ERISA as the plaintiff seeks to recover benefits and enforce rights under an employee welfare benefit plan. **See** Filing No. 1 - Notice of Removal ¶¶ 4-5. "ERISA pre-empts all state laws 'insofar as they may now or hereafter relate to any employee benefit plan.'" *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 333 (2003) (**quoting** 29 U.S.C. § 1144(a)). "Thus, federal question jurisdiction exists-and the case may be removed to federal court-if [the plaintiff's] state law claims arise in an area that has been displaced by ERISA." *Hull*, 188 F.3d at 942. The plaintiff denies the claims arise under ERISA because the plaintiff is not a "participant," "beneficiary," or "fiduciary" for purposes of ERISA and no claim for benefits under the Plan has been denied. **See** Filing No. 12 - Brief p. 11-22. In addition, the plaintiff argues the

5

state-law claims could not be brought under ERISA because the relief sought is money damages, as opposed to equitable relief. *Id.* at 23-24.

TBG has the burden of establishing complete preemption pursuant to ERISA. TBG contends the plaintiff's claim against TBG for breach of fiduciary duty has no basis other than in ERISA. **See** Filing No. 17 - Brief p. 4-7. Specifically, TBG argues the plaintiff's claim alleging TBG owed the plaintiff a fiduciary duty under Nebraska law "is simply not viable." *Id.* at 4. TBG asserts no fiduciary duty exists with regard to TBG's role as a third party administrator of the Plan. *Id.* at 5. Further neither the Plan nor a separate service agreement between these parties imposes a fiduciary duty on TBG. *Id.* at 6; Filing No. 12 - Plaintiff's Brief p. 22. Therefore, TBG argues it "could [only] conceivably be a fiduciary–and thus have any fiduciary duties to breach–. . . under ERISA," which would result in a complete preemption of the state law claim. Filing No. 17 - Brief p. 7.

The plaintiff's complaint alleges breach of fiduciary duty against TBG by stating as follows.

> As the third-party administrator of the Hornady Plan, TBG owed Hornady fiduciary duties, including the duty to make a full, fair, and prompt disclosure to Hornady of all facts within its knowledge which were or could have been material to matters within TBG's agency relationship with Hornady.
> . . . TBG breached its fiduciary duty to Hornady by failing to notify Hornady of its communications with Perico regarding the Renewal Policy, by providing false and misleading information regarding the Renewal Policy to Hornady, and, if Perico's assertions are true, by failing to timely submit claims under the Plan to Perico.

**See** Filing No. 1 - Ex. A - Complaint ¶¶ 49-50. Based on the claim for breach of fiduciary duty, the plaintiff seeks "damages in an amount not less than $277,000.00, representing the losses sustained by Hornady for the claims asserted by employees and beneficiaries under Hornady's Plan." *Id.* ¶ 51. However, the plaintiff and TBG agree that TBG did not act as a fiduciary for purposes of ERISA in assisting the plaintiff to locate a stop-loss policy or in submitting claims to the stop-loss insurer. **See** Filing No. 20 - Reply p. 2. Accordingly, the plaintiff argues no ERISA claim exists and an attack of the state law claims does not create federal jurisdiction. *Id.* at 3.

If an ERISA claim exists, it must be pursuant to ERISA 29 U.S.C. § 1132(a), which limits the persons empowered to bring a civil action under the statute. The subsections relevant to the parties' arguments are § 1132(a)(2) and (a)(3). The plaintiff is empowered to bring an ERISA claim as a fiduciary "for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Similarly, the plaintiff may bring an ERISA claim as a "fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The standing requirements for causes of action under these two subsections are identical. *Concha v. London*, 62 F.3d 1493, 1499 (9th Cir. 1995). "Sections 1109 and 1132(a)(2) of ERISA allow 'a participant, beneficiary or fiduciary' to bring a civil action for breach of fiduciary duty. Section 1132(a)(3) allows 'a participant, beneficiary or fiduciary' to bring a civil action challenging other violations of ERISA." *Concha*, 62 F.3d at 1499. Additionally, a plan sponsor, such as the plaintiff, "only possesses standing to pursue actions under [§ 1132(a)] that are 'related to the fiduciary responsibilities it possesses.'" *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 373 (4th Cir. 2003) (citation omitted). "Where, however, a plan sponsor's claims in a lawsuit relate solely to its own injuries, and not to its fiduciary responsibilities to the plan or to the plan's participants and beneficiaries, it is not acting as an ERISA fiduciary under 29 U.S.C. § 1002(21)(A)." *Sonoco Prods.*, at 373 & n.10 (noting 29 U.S.C. § 1002(21)(A) defines fiduciary with respect to a plan). Accordingly, the plaintiff has standing "only if (1) it is a 'fiduciary' under ERISA, and (2) it is asserting the . . . claims in its fiduciary capacity." *Id.* at 372.

The plaintiff does not dispute it is an ERISA fiduciary under the Plan. However, the plaintiff argues it is not an ERISA fiduciary for purposes of the instant claims because the claims–to enforce rights related to procuring a stop-loss policy–are not related to any ERISA fiduciary responsibilities it may have. See Filing No. 12 - Brief p. 15. The plaintiff contends it suffered the alleged harm independent from any harm suffered by the Plan's beneficiaries. *Id.* at 24.

TBG disagrees. TBG argues the plaintiff is explicitly described as a plan fiduciary in the agreement between TBG and the plaintiff. **See** Filing No. 11 - Ex. B Administrative Services Agreement ¶ 1.01. Additionally, TBG contends the plaintiff is asserting claims in this fiduciary capacity because "any challenge relating to the renewal of Hornady's stop-loss insurance translates into a challenge of the management, administration, and disposal of Plan assets for the simple reason that the funds of the employer and the employees' contributions are assets of the Plan." **See** Filing No. 17 - Brief p. 8. TBG attempts to distinguish *Sonoco Products* by stating the claim raised in that case was for breach of contract and the plan at issue was fully insured, rather than a claim of breach of fiduciary duty for a self-funded plan. **See** Filing No. 17 - Brief p. 9. Likewise, TBG attempts to distinguish other cases cited by the plaintiff. However, these are distinctions without a difference. Further, TBG's citations to cases involving a plan sponsor's conduct as a fiduciary are inapposite in this matter. Such cases do not impute fiduciary status in the context of claims by an employer for losses independent of harm suffered by beneficiaries. TBG cites no authority for holding an employer is a fiduciary under these circumstances. The court will not so hold now. A contrary finding too broadly construes ERISA and the court's jurisdiction.

The plaintiff has standing under ERISA, in a fiduciary capacity, only to the extent that its claims relate to carrying out its fiduciary responsibilities. However, the plaintiff has interests of its own and may raise claims to protect those interests. The plaintiff seeks to recover for harm that it suffered from the defendants' alleged breach, namely the increased costs it incurred as a result of the defendants' conduct. **See** *Sonoco Prods.*, 338 F.3d at 374 (finding no ERISA preemption where plan fiduciary is "not asserting the breach of contract claims in its fiduciary capacity, but rather it is seeking to enforce its own rights under the Contract"); **see also** *Taylor Chevrolet, Inc. v. Medical Mut. Servs.*, LLC, No. 2:07CV53, 2007 WL 1452618, at *6 (S.D. Ohio May 15, 2007) (noting that in the Sixth Circuit "an employer's claims against a third party administrator and a stop-loss insurer for its employees' benefit plan are not completely preempted") (**citing** *Michigan Affiliated Healthcare Sys., Inc. v. CC Sys. Corp. of Mich.*, 139 F.3d 546, 550 (6th Cir. 1998)). The parties do not dispute the Plan's beneficiaries suffered no harm related to the parties'

dispute. The plaintiff paid benefits under the Plan to the relevant beneficiaries, but now seeks to recover costs pursuant to the parties' relationship in the context of the stop-loss policy, an agreement separate from the Plan. Accordingly, the plaintiff's claims were not brought in its capacity as a fiduciary for the Plan beneficiaries, but on its own behalf. Thus the plaintiff's claims cannot arise under ERISA because the plaintiff is without standing under ERISA § 1132(a)(2) or (a)(3). For this reason, the complete preemption doctrine does not apply and this court lacks federal question jurisdiction.

In the alternative, the plaintiff lacks standing for its claims pursuant to ERISA § 1132(a)(2) because TBG is not an ERISA fiduciary for the alleged claims. **See** *Analytical Surveys, Inc. v. Intercare Health Plans, Inc.*, 101 F. Supp. 2d 727, 733 (S.D. Ind. 2000) ("For a person to be liable for breach of a fiduciary duty, a court must ask whether [that] person is a fiduciary with respect to the particular activity at issue.") (internal quotation marks and citations omitted) (alternation in original). The plaintiff and TBG are both adamant that TBG is not an ERISA fiduciary based on TBG's purely ministerial functions and lack of discretionary authority related to the Plan. **See** Filing No. 12 - Plaintiff's Brief p. 18-22; Filing No. 17 - TBG's Brief p. 11. The court finds no evidence or legal reason to determine otherwise. **But see** *Harold Ives Trucking Co. v. Spradley & Coker, Inc.*, 178 F.3d 523, 526 (8th Cir. 1999) (finding third-party administrator under contract to provide ministerial services nonetheless assumed discretionary authority so must be held to have acted as a fiduciary).

An ERISA fiduciary may have standing under § 1132(a)(3) for claims against a non-fiduciary "party in interest" to include "a person providing services to [an ERISA] plan." 29 U.S.C. § 1002(14)(b). However, relief under § 1132(a)(3) is limited, by its plain language, to equitable relief for "an act or practice that violates ERISA or the terms of the Plan." 29 U.S.C. § 1132(a)(3); **see also** *Analytical Surveys*, 101 F. Supp. 2d at 734. Here the plaintiff seeks compensatory damages, rather than restitution or injunctive relief in equity. Because § 1132(a)(3) does not permit the recovery of money damages, the plaintiff could not enforce its claims under the subsection. TBG argues preemption does not turn on the lack of remedy for the plaintiff. **See** Filing No. 17 - Brief p. 13; Filing No. 21-1 - Reply p. 1-2. The court agrees the plaintiff's choice of remedy (or lack of remedy under §

1132(a)(3)), alone, may not dictate the outcome.  However, the type of remedy sought by the plaintiff merely underscores the context of the claims as malapropos for treatment under ERISA.  Primarily, the remedy sought is a step removed from benefits provided for under the Plan.  In any event, despite the fact the parties would not likely have a contractual relationship absent the Plan, TBG fails to show the plaintiff's claims relate to "an act or practice that violates ERISA or the terms of the Plan."  **See** Filing No. 17 - Brief p. 13-14; Filing No. 20 - Brief p. 7.

Based on the facts of this case, ERISA, and the attending case law, jurisdiction does not appear proper in United States District Court.  Therefore, the undersigned magistrate judge recommends the plaintiff's motion to remand be granted, but that no attorney fees be assessed against the removing defendant under 28 U.S.C. §1447(c).  Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Motion to Remand (Filing No. 10) be granted.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 22nd day of September, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.